UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IVAN JEROME HEYWARD,

                Petitioner,

-against-

CAMERON LINDSAY, Warden, MDC,

                Respondent.
--------------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

08-CV-336 (ARR) (JMA)

**OPINION AND ORDER**

ROSS, United States District Judge:

Petitioner, a federal pre-trial detainee, brings this action pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651, seeking both his immediate release from custody and money damages for every day that he remains confined. For the reasons set forth below, this action is dismissed.

## BACKGROUND

In July 2007, petitioner was indicted in this district under the name Barrington Dawes, a/k/a Ivan J. Heyward, Winston Lee, Clifford Bryan, John Neil and Anthony John Lee, on the charge that he violated 8 U.S.C. § 1326(a). Specifically, the indictment alleges that on May 1, 2007, petitioner was found in the United States after being deported and without having obtained the express permission of the United States Attorney General to re-apply for admission to the country. Throughout the pre-trial proceedings in that case – United States v. Dawes, 07-cr-555 (ARR) – petitioner made clear that his defense to the charge is that he actually is Ivan Jerome Heyward, a United States citizen who cannot be convicted under 8 U.S.C. § 1326 because he is not an alien.

In early December 2007, the government obtained a superceding indictment, adding two new charges: aggravated identity theft in violation of 18 U.S.C. § 1028A, and making false

statements to United States Immigration and Customs Enforcement ("ICE") in violation of 18 U.S.C. § 1001(a)(2). The first of these additional charges alleges that petitioner knowingly possessed and used, without lawful authority, various means of identification bearing the names "Ivan Jerome Heyward," "Ivan J. Heyward," or "Ivan Heyward." The second of these charges alleges, inter alia, that petitioner falsely stated or represented on an ICE form that he was born in the United States and is a United States citizen.

This court was prepared to conduct a trial in this case in late December 2007. However, less than a week before that trial was to begin, petitioner's counsel wrote the court, expressing concerns as to whether petitioner was fit to proceed to trial. Thereafter, at defense counsel's request, this court ordered that petitioner undergo psychiatric evaluation and adjourned the trial sine die, pending a competency determination.

## *The Instant Submission*

In mid-January 2008, the court received a three-page, handwritten submission from petitioner, entitled, "Petitioner [sic] for writ of habeas corpus 28 U.S.C. §§ 1651 and 2241" (hereinafter, the "Submission"). In his Submission, petitioner repeats his allegation that he is "Ivan Jerome Heyward," and that he is a native-born United States citizen (Submission at 1). Petitioner acknowledges that he is detained pending trial in case number 07-cr-555 (id.), but alleges that his detention is illegal because he is not guilty of the charges against him. Specifically, petitioner claims that he "has not and cannot illegally re-entry [sic] his own native country" (Id. at 2). Although his Submission is labeled a petition for writ of habeas corpus, petitioner seeks not only an "expedicted [sic] hearing and [his] immediate release from unlawfully [sic] custody," but also "monetary relief per day for every day that he is being unlawfully restrained" (Id.).

*DISCUSSION*

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). However, when a plaintiff is proceeding pro se, a court has an obligation to construe his or her pleadings liberally. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court cannot dismiss an action sua sponte. McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004) (citing Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003)).

Even liberally construed, the instant Submission is frivolous. Although petitioner states that he is bringing this action pursuant to the 28 U.S.C. § 2241 and the All Writs Act, the instant Submission is best construed as a § 2255 motion in that it challenges the legality of petitioner's confinement, rather than the conditions of his confinement. However, a § 2255 motion can only be brought by a "prisoner in custody under a sentence of a court established by an Act of Congress." 28 U.S.C. § 2255. In this case, petitioner has not yet been tried, much less sentenced. Therefore, this motion is premature and is denied.

3

Because the motion is premature and is not adjudicated on the merits, this court need not provide petitioner with notice before converting the instant Submission into a § 2255 motion. Due to the "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under ... § 2255," Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam), courts must ordinarily provide a petitioner with "notice and an opportunity to decline the conversion or withdraw the motion." Simon v. United States, 359 F.3d 139, 139 (2d Cir. 2004); see Castro v. United States, 540 U.S. 375 (2003). However, where a § 2255 motion is not adjudicated on the merits, it does not count as the initial motion and a subsequent § 2255 motion will not be second and successive. See Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003); Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). Therefore, petitioner's right to file a § 2255 motion if he is convicted and sentenced will not be prejudiced by this court's sua sponte decision to convert the instant Submission into a § 2255 motion.[1]

## *CONCLUSION*

For the reasons stated above, the instant action is dismissed without prejudice to petitioner's right to file a future motion pursuant to 28 U.S.C. 2255 if he is convicted of the pending charges. The Clerk of Court is instructed to enter judgment accordingly and to close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion

---

[1] To the extent that petitioner is seeking money damages, his Submission fails to state a claim upon which relief may be granted. The Submission contains no factual allegations whatsoever concerning defendant Lindsay, and does not allege a legal basis for imposing money damages against this individual. While this court recognizes that petitioner is proceeding pro se, it would be futile to grant petitioner leave to amend his pleading. Even a liberal reading of the Submission gives no indication that a valid claim for money damages might be stated against defendant Lindsay. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: February 12, 2008
Brooklyn, New York

SERVICE LIST:

        Mr. Barrington Dawes
        No. 75253-053
        MDC Brooklyn
        P.O. Box 329002
        Brooklyn, NY 11232